UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT

15cv1904
JUDGE SHAH
MAG. JUDGE MASON

SMITA A. PATEL )
)
COMPLAINANT )
)
_____ )  CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. )  NO. _____
)
PATRICK R. DANAHOE )
)
POSTMASTER GENERAL )
)
RESPONDENT, AGENCY )
(Name of the defendant or defendants) )

FILED

MAR X 3 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __SMITA A. PATEL__ of the county of __Cook__ in the state of __ILL__.

3. The defendant is __UNITED STATES OF POSTAL SERVICE__, whose street address is __C/o Great Lakes Area__,
(city) __Bloomingdale__ (county) __?__ (state) __IL__ (ZIP) __60117-3010__ Agency

(Defendant's telephone number) ( ? ) _____

4. The plaintiff sought employment or was employed by the defendant at (street address) __1300 E NORTH WEST HIGHWAY__ (city) __PALATINE__
(county) __Cook__ (state) __ILL__ (ZIP code) __60095__

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) **MAY**, (day) **24, 30**, (year) **2012**.

7.1 **(Choose paragraph 7.1 or 7.2, do not complete both.)**

   (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not / ☐ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☐ the United States Equal Employment Opportunity Commission, on or about

   (month)_____ (day)_____ (year)_____.

   (ii) ☐ the Illinois Department of Human Rights, on or about

   (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month) **July** (day) ~~10~~, 21st 4th (year) **2012**

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) **NOVEMBER** (day) **19** (year) **2014**.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☒ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☒ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☒ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

*[entire paragraph 8 is crossed out with a diagonal line]*

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☒ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☒ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): DID NOT GAVE ME MY ORIGINAL DAYS OFF WHEN GIVEN TO OTHER SUPERVISORS AND OTHER INJURED EMPLOYEES, light duty (SP)

4

IN THE PAST, THEY HARRASED ME.

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

SUPERVISOR'S SCHDULES IN All THE TOUR, LIGHT LIMITED DUTIES EMPLOYEES, & SUPERVISORS DAYS OFF DID NOT CHANGE, USPS'S POLICES, BUSSE HUB [→SUPERVISORS] USES SEGWAYS OR TRICYCLES (supervisors). ADA Law. ALL OTHER REASONS ARE EXPLAIN IN MY CASE FILE Want all the named supervisor & employee to be witness plus have Lie ditector test. Also call all the manager named in this case. Rules of→ Supervisor's schedules, 204Bs schedules, Roger Bharel, Jeff Mayo michell Davis, Josfina Angeles Brenda Valentine, Ralph Ramion, charles schurba charley milhert

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff
    [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☒ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): ~~PTO~~ Lawyer fees / All expanse from my pocket, Plus ~~PTO~~ if I hire a Lawyer, then that fees

5

(PTO)

_____

_____

_____

_____

_____

(g) ☒  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐  Grant such other relief as the Court may find appropriate.

(Plaintiff's Signature) *Sepatel*

(Plaintiff's name)

SMITA A. PATEL

(Plaintiff's street address)

5707 CARIBOU LANE

HOFFMAN ESTATES, ILL 60192-4576

(City) HOFFMAN ESTATES (State) ILL (ZIP) 60192-4576

(Plaintiff's telephone number) (HO) (847) 844-0079 (cell) 847-877-0443

Date: 2-24-2015




**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Smita A. Patel,
Complainant,

v.

Patrick R. Donahoe,
Postmaster General,
United States Postal Service
(Great Lakes Area),
Agency.

Appeal No. 0120132455

Agency No. 1J-602-0035-12

## DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts Complainant's appeal from the Agency's May 6, 2013, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, the Agency's final decision (FAD) which found that Complainant failed to show that she was subjected to discrimination is AFFIRMED.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Supervisor, EAS - 17, Distribution Operations, at the Agency's Palatine P & DC facility in Palatine, Illinois. The record revealed that upon Complainant's return from a seven month absence for an on-the-job injury she was not returned to her Saturday/Sunday off days that she held for years. Instead, Complainant was assigned Tuesday/Wednesday as her off days. Complainant maintained that younger employees were allowed to have the days off that they requested. Complainant also indicated that she was retaliated against because she was told that there were no Saturday/Sunday or Sunday/Monday days off in Automation or anywhere else in the building. Complainant also asked that she be allowed her preferred days as an accommodation. Complainant's work restrictions indicated that she could not climb stairs, kneel or squat and she was to have frequent breaks while standing and/or walking. Complainant also indicated

that she had filed an EEO complaint a year before the case at hand and felt that this is why she was not given the days that she requested.

Additionally, Complainant argued that once on June 23, 2012, she had been required to perform the duties of three to four supervisors. On October 13, 2012, Complainant filed a formal complaint alleging that the Agency discriminated against her on the bases of national origin (East Indian), sex (female), religion (Hindu), color (Brown), disability (both legs), age (53), and reprisal when: on May 24, 2012, she was not given Sat/Sun or Sun/Mon as scheduled days off when she returned from an on-the-job injury and, she had to do the work of three to four supervisors.

Following an investigation by the Agency, Complainant failed to request either a hearing or a FAD so a FAD was issued. The FAD found that management articulated legitimate, nondiscriminatory reasons for its actions, and Complainant failed to demonstrate that the reasons were pretext for discrimination. Specifically, management explained that Complainant was out for an extended period of time and in her absence other supervisors were placed into the Saturday/Sunday and Sunday/Monday days off schedule. Management indicated that EAS employees could have their days off changed at any time due to the needs of the service. Management indicated that contrary to Complainant's contention otherwise similarly situated employees not of her protective bases were not treated more favorably as assignments were made based on the needs of the service and by the time Complainant returned from her absence other employees had been placed in the days that she desired. Also, it was noted that the comparators offered by Complainant were not similarly situated to her as (1) they were bargaining unit employees, (2) they were other supervisors who did not work the desired days that Complainant wanted, and/or (3) they worked in different units.

Management also argued that Complainant was not subjected to retaliation as she failed to show a causal connection between the instant case and her prior EEO activity that occurred more than a year earlier. Also, with regard to the bases of age, management found that Complainant did not establish nor did the investigation reveal any evidence that showed that age was a determining factor in any of management's decisions. Further, it was noted that Complainant's restrictions did not include the need for her desired days off. Accordingly, management asserted that Complainant was assigned Tuesday/Wednesday off due to the needs of the operation.

With respect to Complainant's assertion that she had to do the work of three to four supervisors, management explained that two supervisor are scheduled for Automation and that on the day in question the other supervisor called in sick leaving Complainant to watch the unit. Management indicated that many supervisors have been required to fill-in for absent supervisors and Complainant was in no way treated differently than anyone else. The FAD found that Complainant failed to show that management's legitimate, nondiscriminatory reasons were pretext for discrimination.

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to AFFIRM the Agency's final decision. We find that even if we assume arguendo that Complainant established a prima facie case of discrimination as to all bases, the Agency articulated legitimate, nondiscriminatory reasons for its actions as was discussed above and Complainant failed to show that the reasons were pretext for discrimination or that discriminatory animus was considered with regard to her not being given her desired days off or her having to fill in for a sick supervisor on June 23, 2012. With regard to Complainant's indication that she was also denied a reasonable accommodation, we note the Agency's uncontested assertion that her medical restrictions did not set forth a need for the specific off days that she sought. On appeal, Complainant did not submit a brief and the Agency stands by the arguments set out in its FAD. Accordingly, we find that the preponderance of the evidence of record does not establish that discrimination occurred.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

4                                                                         0120132455

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations


   NOV 1 4 2014
Date

5                                                                       0120132455

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Smita A. Patel
5707 Caribou Ln
Hoffman Estates, IL 60192

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL 33622-1979

NOV 1 4 2014
Date

*[signature]*
Compliance and Control Division