UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMITA A. PATEL, | ) |
| Plaintiff, | ) |
| | ) No. 15 C 1904 |
| v. | ) |
| | ) Judge Shah |
| MEGAN J. BRENNAN,[1] Postmaster General, United States Postal Service, | ) Magistrate Judge Mason |
| Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS

Defendant Megan J. Brennan, Postmaster General for the United States Postal Service, by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to file a timely suit in this employment discrimination case, and states the following in support:

1. On May 6, 2013, the Postal Service issued a final agency decision ("FAD") finding that plaintiff Smita Patel had failed to show that she suffered employment discrimination in violation of federal discrimination statutes. *See* Compl. p. 7. Patel appealed the FAD, and on November 14, 2014, the EEOC affirmed the decision, finding "that the preponderance of the evidence of record does not establish that discrimination occurred." Compl. pp. 7-11 (the "EEOC Decision"). The EEOC decision also informed Patel that she had ninety days from the date she received the EEOC decision in which to file a civil action within an appropriate United States district court. *Id*. at 10. Plaintiff acknowledges that she received the EEOC Decision on November 19, 2014. Compl. ¶ 7.2(b).

---

[1] Patrick R. Donahoe retired as the Postmaster General. Megan J. Brennan became the Postmaster General of the United States Postal Service effective February 1, 2015 and is thereby substituted as Defendant in place of former Postmaster General Patrick R. Donahoe, pursuant to Federal Rule of Civil Procedure 25(d).

2.   The timely filing of a Title VII claim against a public employer is a precondition to suit, akin to a statute of limitations. *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). "[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582-83 (7th Cir. 2011) (affirming dismissal of claims under Rule 12(b)(6) where the facts pleaded in the complaint revealed the claims were time-barred); *accord Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011) (affirming dismissal pursuant to Rule 12(b)(6) of untimely claim).

3.   The applicable EEOC regulations state that a plaintiff who has filed a claim for individual relief under Title VII, the ADEA or the Rehabilitation Act must file a "civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision on an appeal . . ." 29 C.F.R. § 1614.407(c). Further, Title VII explicitly limits the time frame within which a plaintiff may file an employment discrimination case against the Postal Service by stating that an employee of a federal agency must file a civil action "[w]ithin 90 days of receipt of notice of final action taken by . . . the Equal Employment Opportunity Commission upon an appeal from a decision or order of such . . . agency . . . ." 42 U.S.C. § 2000e-16(c). Analogously, the Seventh Circuit has held that a plaintiff filing a complaint under Title VII "must file her suit within 90 days from the date the EEOC 'gives notice' of her right to sue." *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). Here, however, Plaintiff wholly failed to comply with these time limits for filing a civil action.

4.   Plaintiff admits that she received the EEOC Decision on November 19, 2014. (Compl. ¶ 7.2(b).) In order for Patel to have filed her complaint in a timely manner, she was required to have filed it within ninety days of November 19, 2014, or by February 17, 2015. *See*

29 C.F.R. § 1614.407(c). Patel, however, failed to file the instant civil action until March 3, 2015, after the ninety-day time period for filing with an appropriate district court had expired. *See* Compl. As such, her complaint is now time-barred.

5. Plaintiff is also presumed to have received the EEOC Decision on November 19, 2014, which is five calendar days after the date of its mailing. Compl. p. 11. The EEO decision states that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below: [Plaintiff and the Postal Service] NOV 14 2014." (*Id.*) "The law presumes timely delivery of a properly addressed piece of mail." *Bobbitt*, 268 F.3d at 538. As the presumptive date of receipt (November 19, 2014) and plaintiff's admitted date of receipt (November 19, 2014) are identical, by either measure Patel's complaint is untimely by fourteen days. *See* 29 C.F.R. § 1614.407(c).

6. While proceeding *pro se*, Patel has previously demonstrated her ability to understand her appellate rights and their accompanying filing deadlines during litigation. For example, in a prior case before the Merit Systems Protection Board, Patel timely filed her appeal within the designated timeframe. *Patel v. Postal Serv.*, No. CH-0353-11-0410-I-1 (M.S.P.B. Jan. 11, 2012); affirmed by *Patel v. Postal Serv.*, 498 F. App'x 33, Case No. 2012-3113 (Fed. Cir. Oct. 10, 2012). Patel has also previously been informed of the ninety-day timeframe in which to file a civil action in an appropriate district court. Specifically, the Postal Service issued Patel a notice of final action on July 17, 2014 in EEOC Case No. 440-2011-00215X, advising her of the applicable timelines. Thus, Patel should not be excused from meeting the statutory prerequisites for filing suit in this case.

WHEREFORE, the court should dismiss plaintiff's complaint in its entirety because it is now time-barred.

>Respectfully submitted,
>
>ZACHARY T. FARDON
>United States Attorney
>
>By: s/ Harpreet Chahal
>    HARPREET CHAHAL
>    Assistant United States Attorney
>    219 South Dearborn Street, 5th Floor
>    Chicago, Illinois 60604
>    (312) 353-5300
>    harpreet.chahal@usdoj.gov