UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMITA A. PATEL,<br><br>      Plaintiff,<br><br>    v.<br><br>MEGAN J. BRENNAN, Postmaster General, United States Postal Service,<br><br>      Defendants. | No. 15 CV 1904<br><br>Judge Manish S. Shah |

ORDER

Defendant Patrick R. Donohoe is replaced as a defendant by Megan J. Brennan, in her official capacity. Fed. R. Civ. P. 25(d). Defendant's motion to dismiss [8] is granted; this case is dismissed with prejudice. Enter judgment in favor of defendant, and terminate civil case.

STATEMENT

Smita A. Patel brought this discrimination suit against her employer, the United States Postal Service. Using a template for employment-discrimination complaints, Patel checked boxes indicating her claims are brought under numerous federal statutes. *See* [1] at 3–4. One of those statutes, 42 U.S.C. § 1981, is inapplicable because it "does not apply to employment discrimination cases involving the federal government." *Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976)). The others—the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; and the Rehabilitation Act—all required Patel to file suit within 90 days of receiving the Equal Employment Opportunity Commission's decision. *See* 29 C.F.R. § 1614.407(a) (applicable to all three statutes).

Patel received the Commission's decision on November 19, 2014. [1] ¶ 7.2(b). So her complaint was due on or before February 17, 2015. But she did not file suit until March 3, 2015. Defendant moved to dismiss, arguing that the complaint was untimely. [8]. Patel did not respond, so she forfeited any argument that the 90-day period should be tolled for any reason. *See Smith v. EMB, Inc.*, 576 Fed.Appx. 618, 619 (7th Cir. 2014) (dismissal based on 90-day deadline appropriate where the plaintiff made no tolling arguments in response to the motion to dismiss). Though Patel is proceeding *pro se*, that alone does not excuse her untimely filing. *See Portillo v. Zebra Techs. Corp.*, 154 Fed.Appx. 505, 507 (7th Cir. 2005) (affirming dismissal on

grounds of untimeliness where *pro se* plaintiff filed one day too late). In court on May 18, 2015, plaintiff was advised that defendant planned on filing a motion to dismiss, and plaintiff requested 15 or 20 days to respond to the motion. The court gave plaintiff 21 days to respond, and plaintiff demonstrated her understanding of the next steps in pursuing her case. Under these circumstances, Patel has knowingly and intentionally waived her response to defendant's motion.

Because Patel's complaint was untimely, the case is dismissed with prejudice.

ENTER:

Date:7/10/15

Manish S. Shah
U.S. District Judge