UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMITA A. PATEL,<br><br>   Plaintiff,<br><br>  v.<br><br>MEGAN J. BRENNAN, Postmaster General, United States Postal Service,<br><br>   Defendants. | No. 15 CV 1904<br><br>Judge Manish S. Shah |

### ORDER

Plaintiff's motion to reopen [12] is denied.

### STATEMENT

Smita Patel's federal discrimination lawsuit was filed on March 3, 2015, and she received her decision from the EEOC on November 19, 2014. Defendant moved to dismiss her complaint as untimely because it was filed more than 90 days after receipt of the EEOC decision. Patel failed to respond, and the motion was granted. She now moves to reopen her case.

Patel's motion to reopen was filed twelve days after judgment was entered. Federal Rule of Civil Procedure 59(e) allows a motion to alter or amend a judgment to be filed within 28 days of the entry of judgment. "[T]o prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (quotation and citation omitted). In her motion to reopen, Patel argues that: (1) she failed to respond to the motion to dismiss on time because she had difficulty filing her brief via the CM/ECF system; and (2) her complaint should be considered filed as of the date she submitted a payment of $350 because she believed that was the filing fee (when she learned the fee was $400, she paid that and the Clerk's office filed the complaint).

These arguments do not establish a manifest error of law or fact or newly discovered evidence that precluded judgment. The first argument is a procedural excuse for missing a deadline, but a Rule 59(e) motion does not provide a vehicle for a party to undo its own procedural failures. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). The second argument is not a persuasive reason, under Rule 59(e), to

vacate the judgment. Patel's misapprehension about the correct filing fee was not an extraordinary circumstance that would support a claim of equitable tolling of the 90-day deadline. According to her motion, although she believed the filing fee was $350 (based on information obtained from the 2009 guide to pro se litigants published by the Clerk's office), when she attempted to file the complaint, she was advised of the correct fee and paid it. Misinformation from the Clerk's office might support equitable tolling, *see Smith v. EMB, Inc.*, 576 Fed. App'x 618, 619 (7th Cir. 2014), but here, even assuming that Patel relied on an outdated guide for a short time, she could have obtained accurate information from many sources (including the Clerk's office itself, which advised her of the correct fee).[*] Her mistake, while perhaps understandable, was not extraordinary. More importantly, Patel signed her pro se complaint on February 24, 2015, [1], and that was after the 90-day period ran. Even if Patel raised an extraordinary circumstance warranting tolling, her complaint would not have been timely, and she has not clearly established that dismissing the complaint for untimeliness was a manifest error of law or fact.

Rule 60(b)(1) allows a court to relieve a party from a final judgment for the reasons of mistake, inadvertence, surprise, or excusable neglect. Like relief under Rule 59(e), relief under Rule 60(b) is an extraordinary remedy, reserved for the exceptional case. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). After considering the circumstances described in Patel's motion to reopen, I conclude that relief from the final judgment is not appropriate under Rule 60. There was no significant barrier to obtaining accurate information about the filing fee, and her complaint was untimely at the time she signed it. Patel does not explain why she waited until February 24, 2015, to complete the form complaint; so even if I were to excuse her failure to respond to the motion to dismiss because of e-filing difficulties, the outcome of defendant's motion to dismiss would be the same. As noted in the decision granting defendant's motion, the failure to file before the expiration of the 90-day period is fatal to Patel's claim. *Portillo v. Zebra Technologies Corp.*, 154 Fed. App'x 505, 507 (7th Cir. 2005).

---

[*] The district's guide for pro se litigants was revised in April 2014 and reflects the current filing fee for initiating a civil case; it is the guide that is available on the court's website. *See* http://www.ilnd.uscourts.gov/ProSe/forms/Pro Se Help Packet-English.pdf (visited 08/21/15). It seems unlikely that the 2009 edition was the version on the website at the time Patel filed her complaint earlier this year, but I will assume she obtained the old version and relied on it initially.

      For these reasons, plaintiff's motion to reopen [12] is denied. If plaintiff wishes to appeal this decision (as well as the order dismissing her complaint and entering judgment in favor of the defendant), she must file a notice of appeal with the district court within 60 days after entry of this order. Fed. R. App. P. 4(a)(1)(B), (a)(4)(A).

ENTER:

Date: 08/21/15

                                              Manish S. Shah
                                              U.S. District Judge